JEREMIAH BURDEN *against* ABRAHAM SKINNER.

In an action of covenant a-gainst a mas-ter, for send-ing his ap-prentice out of the coun-try, parol evi-dence is ad-missible, on the plea of *not guilty*, to prove that the plaintiff con-sented to the act.

MOTION for a new trial.

This was an action upon the covenants of an inden-ture, dated the 31st day of *March*, 1792; by which the plaintiff bound his son, *Jeremiah Burden*, jun. to the defendant and his wife, to serve them from the age of eight years until he should arrive to the age of twenty-one. The defendant, on his part, covenanted to teach the child to read, write, keep accounts, and also the art of husbandry. The declaration alleged, that the defend-ant did not teach the apprentice to read, write, and the art of husbandry, &c.; but in violation of his covenants, and contrary to the mind and will of the plaintiff, on or about the 1st of *April*, 1796, the defendant transported the said *Jeremiah Burden*, jun. beyond the seas, out of the territory and limits of this state, and the *United States*, to the *West Indies*, from whence he has never returned.

The defendant pleaded *not guilty*.

At the trial, the plaintiff founded his right of action, solely, upon the defendant's sending the apprentice to the *West Indies*. And the defendant offered a witness to prove, that before and at the time of sending the boy to the *West Indies*, the plaintiff consented, and agreed with the defendant thereto, and that the boy himself consented, and was desirous of going. To the admis-sion of which testimony, the counsel for the plaintiff objected; and the court, before whom the issue was tried, ruled that the testimony was not admissible; and a verdict was found for the plaintiff. On motion for a new trial, the question, as to the admission of

this testimony, was reserved for the opinion of the nine judges.

*Goodrich* and *Brace*, in support of the motion.

There can be but two objections: That parol testimony cannot be admitted at all; and that it cannot be admitted under this. issue.

1. It is contended, that no parol testimony can be admitted. The evidence offered went to show that there was no breach of the covenant; nothing inconsistent with the duties of the master to the servant; nothing but what was approved by the father.

Had the boy gone home to spend the holidays with his parents, by the consent of his master, and at the request of his father, the father surely could not recover for a breach of the covenant.

If a sheriff takes a bond that one shall abide 'a faithful prisoner, and afterwards permits him to leave the prison, can the sheriff recover upon the bond? Or if one covenants to build a house, and finish it in a particular manner, and the plaintiff afterwards directs it to be finished in a different manner, can he then recover because his directions have been obeyed? And in this case, can the father claim to recover, for an act done by his own consent?

But this act is not inconsistent with the covenant. The defendant agrees to teach the boy certain things, and for this he has ample time. But for the sake of the health, or in compliance with the wishes, of the apprentice, he permits him to go to the *West Indies*, during this time. The act is usual in many parts of our country, and might have been absolutely necessary.

June, 1808.

BURDEN
v.
SKINNER.

And if the act is not inconsistent with the terms of the covenant, evidence that the plaintiff consented to that act cannot impugn, or vary, the written contract.

In *Ratcliff* v. *Pemberton*, 1 *Esp. Cas.* 35., which was an action of covenant on a charter party, for demurrage of the vessel; Lord *Kenyon* held, that the license and agreement of the plaintiff, to extend the time for discharging the cargo, was a legal defence, although the time was fixed by the covenant.

In the suit against *Barry*, cited by the chief justice, in *Littler* v. *Holland*, 3 *Term Rep.* 592. the evidence was not admitted, because the parties had expressly contracted, that the license should be in writing, recognising the principle, that such a license would have been a defence, had not this particular stipulation been made. The plaintiff has also stated, in this declaration, that this act was contrary to his mind and will. He having made that allegation, we surely may be permitted to show that it is not true.

2. But the only real difficulty must be, whether this license or consent, can be given in evidence under the *general issue.*

It certainly is pertinent to this issue, because it goes to show that there is no breach of the covenant; that the defendant has done no wrong act; and is, therefore, *not guilty.* The consent of the plaintiff is not an act whereby the defendant is saved, or acquitted, from the plaintiff's demand; and which, therefore, must be pleaded; but it is an act which existed prior to any demand the plaintiff could have had, and in fact shows that he never could have had a demand. The acts referred to in our statute,(*a*) are acts which go to debar a recovery

(*a*) *Stat. Conn.* tit. 129. s. 4.

for a claim once constituting a good cause of action. Thus, accord and satisfaction must be pleaded, as it admits a pre-existing claim; but a license to cut timber need not be pleaded to an action of trespass, because it shows that the party was not a trespasser. In *Littler* v. *Holland*, the evidence was not admitted, because it did not comport with the facts stated in the declaration.

But even if this ought to have been pleaded, as this is a motion for a new trial, intended to bring up the whole case, not subject to the technical niceties of bills of exceptions, the court will see that substantial justice is done.

*Ingersoll*, contra.

The great question is, whether the defendant can prove by *parol*, that the plaintiff consented to the act done by the defendant. The general rule, that parol evidence is not to control a covenant, or any written contract, is not denied. If there had been a parol agreement *at the time* of entering into this covenant, similar to that claimed to have been afterwards made, it surely could not have been admitted to vary the covenant. Can it, then, make any difference, that it was made at a subsequent time? If one gives a note payable in sixty days, and the payee afterwards agrees by parol to wait sixty days longer, this agreement will not be admitted in evidence any sooner than if it had been made at the time the note was given. No parol agreement made *at any time*, as to the subject matter of a written contract, may be proved.

*Littler* v. *Holland*, 3 *Term Rep.* 590., was an action of covenant, by the terms of which, the plaintiff undertook to build two houses for the defendant, by the 1st of *April*, 1788; and the defendant to pay 500*l.*, alleging

June, 1808.

BURDEN
v.
SKINNER.

that they were built according to agreement, and that the defendant had not paid. It appeared, that the houses were not built at that time; but that the parties, by a subsequent parol agreement, had enlarged the time. Justice *Heath* refused to permit the plaintiff to prove this fact; and Lord *Kenyon* thought the case so clear, that he refused a rule to show cause why a new trial should not be granted. In *Barry's* case, it does not appear whether this point was considered, as there was another sufficient objection.

As to the opinion given by Lord *Kenyon*, in *Ratcliff* v. *Pemberton*, so far as it respects the license being a defence, it was not a point before him; and was therefore a mere *obiter dictum*. But upon the other point, (*viz.*) that the fact ought to have been specially pleaded, that case is directly in point. Although our statute permits almost every thing to be given in evidence under the general issue; yet it expressly excepts " a discharge from the plaintiff, or his accord, or some other special matter, whereby the defendant, by the act of the plaintiff, is *saved* or *acquitted* from the plaintiff's demand in the declaration." Tit. 129. s. 4.

Here, the defence rests solely upon the *act* of *the plaintiff*, by which the defendant attempts to shelter himself from the demand. It is, therefore, exactly within the statute. And as this motion is for a new trial for excluding evidence, and not for mispleading, it cannot prevail, if the evidence ought not to have been admitted upon the issue joined.

By THE COURT, REEVE and EDMOND, Js. dissenting. A parol agreement cannot be given in evidence to discharge a breach of a written contract; but it may be given in evidence to show that there never was a breach. In this case, the evidence offered would serve

to show, that in consequence of the license and consent of the father, there never was a breach; and is, therefore, proper and pertinent to the issue, and ought to have been admitted.